UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ISAAC JONES, )
)
    Plaintiff, )
v. ) No. 1:06-cv-42
) *Edgar/Lee*
WARDEN OF CORRECTION CORPORA- )
TION OF AMERICA, SILVERDALE )
DETENTION FACILITY, )
)
    Defendant. )

## MEMORANDUM

Isaac Jones ("Jones"), was a prisoner confined at the Silverdale Detention Center when he filed his *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 [Court File No. 2]. Jones initially did not pay the $250.00 filing fee nor file a complete application for leave to proceed *in forma pauperis*. On February 16, 2006, the Court issued a deficiency order directing Jones to pay the full filing fee of $250.00 or to complete the *in forma pauperis* application and submit the necessary documents within thirty days from the date of the order [Court File No. 1]. Jones was notified that if he failed to fully comply with the Court's Order within the time required, the Court would presume he is not a pauper, would assess the full amount of fees, and order the case dismissed for lack of prosecution. In addition, Jones was notified the case would not be reinstated to the district court's docket despite the subsequent payment of the filing fee. Jones has failed to timely respond to the Court's Order. Consequently, the Court finds Jones has failed to comply with its order.

1

### I. *Failure to Comply With Court's Order*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Jones's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

### II. *Application to Proceed In Forma Pauperis*

Jones has failed to comply with the Court's order [Court File No. 1]. Therefore, in compliance with the Court's previous order, Jones will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Jones's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Jones' inmate trust account; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in Jones' inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Jones' preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C.

§ 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden of Silverdale Detention Facility, the custodian of inmate accounts at the Silverdale Detention Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Jones' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Jones' file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff will also be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the

---

[1] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

    A judgment will enter.

                          /s/ R. Allan Edgar
                          R. ALLAN EDGAR
                          UNITED STATES DISTRICT JUDGE